**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC
5/9/16

14 cv 1771 (VB)

In re HIKO ENERGY LLC Litigation

Civil Action No. ~~14-01771~~

~~- 14-2042~~
~~- 15-2024~~

## ~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiffs' Joint Motion for Final Approval of the settlement and upon Class Counsel's Motion for Award of Attorney's Fees and Costs. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.      For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the litigation, the Named Plaintiffs, the other Class Members, and the Released Persons ("the Settling Parties").

3.      With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the Named Plaintiffs are typical of the claims of the Class;

(d) the Named Plaintiffs will fairly and adequately protect the interests of the Class;

{00274335 }

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and,

(f) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All persons who were customers of HIKO Energy, LLC during the Class Period provided they were customers prior to or as of December 31, 2014.

5.       The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.       Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Short Form Notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Long Form Notice, the Claim Form, and the Settlement Website complied with this Court's Preliminary Approval Order.

7.       The Court finds and concludes that the Short Form Notice, the Long Form Notice, the Claim Form, the Settlement Website, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

8.      Certain Persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court. These Persons are listed in Docket Entry No. 14-01771, and they will not be bound by the terms of the Settlement Agreement.

9. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settling Parties.

10.      The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11.      The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

12.      By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

13. This action is dismissed with prejudice. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14. This Court has considered and overruled all objections to the Settlement.

15. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.    If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the *status quo ante* in the litigation as it existed on August 4, 2015, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17.    Upon consideration of Class Counsel's Motion for and Award of Fees and Costs, Class Counsel's Motion is GRANTED. Consistent with Section II.H.1 of the Settlement Agreement, Defendants shall pay a Fee Award to Settlement Class Counsel in the amount of $975,000, consistent with the terms of the Settlement Agreement.

18.    Upon consideration of Class Counsel's request for Enhancement Awards to the Named Plaintiffs, the request is GRANTED. Consistent with the terms of Section II.H.1 of the Settlement Agreement, Defendant shall pay Yang Chen, Lawrence Sasso, Audrey Bogdanski and Michael Kantor Award in the amount of $4,000 each, and shall pay Erin Spillman an Enhancement Award in the amount of $4,000.

19.    Within 130 days from the Effective Date, the Settlement Administrator shall destroy all personally identifying information about any Class Member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Defendant in connection with the Settlement Administrator's efforts to provide Notice to Class Members.

20.    Each and every Class Member, and any Person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

{00274335 }

22.     This document is a final, appealable order, and shall constitute a judgment for

purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the

Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in

all respect with Federal Rule of Civil Procedure 65(d)(1).


Dated: May 9 , ~~2015~~ 2016
New York, New York

SO ORDERED:

_____
Hon. Vincent L. Briccetti, U.S.D.J.

{00274335 }                                             6